# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK



THOMAS FIELDS,

v.

DECISION & ORDER
15-cv-6298-FPG-JWF

NURSE T. MCNAUGHTON,
    Defendant.

Pro se plaintiff Thomas Fields ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 alleging that defendant T. McNaughton ("defendant") denied him medical treatment. Presently before the Court is plaintiff's motion to appoint counsel (Docket # 21), filed on January 26, 2018. For the reasons that follow, plaintiff's motion is **denied**.

In his motion for appointment of counsel, plaintiff provides no reason for why counsel should be appointed at this time. However, he also requests that a form application for appointment of counsel be sent to him.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). There are far more pro se cases in this district than there are attorneys to represent the litigants. Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28

1

U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also, In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, I believe plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004) (finding that plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied threshold showing of merit); see also Allen v. Sakellardis, No. 02 CV 4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003) (finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). However, after reviewing the complaint and considering the nature

2

of the factual and legal issues involved, as well as plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time.

Here, plaintiff's pro se complaint is succinct and detailed in nature and adequately describes the events that allegedly led to his injuries. See Docket # 7. Plaintiff has utilized the discovery process and made a demand for documents (Docket # 34). At this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination").

At this juncture, I do not see the need for appointment of counsel. On September 21, 2018, defendant filed a motion for summary judgment, which is pending before Chief Judge Geraci. Should Judge Geraci believe that counsel is needed for plaintiff to defend the dispositive motion, he may, of course, appoint counsel. Should he need to, plaintiff may consult with the Western District's pro se office attorneys for questions on process and procedure.

## Conclusion

For the reasons stated above, plaintiff's motion to appoint counsel (Docket # 21) is **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 24, 2018
Rochester, New York