UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

THOMAS FIELDS,

                                       Plaintiff,

                                                                    Case # 15-CV-6298-FPG

v.

                                                                    DECISION AND ORDER

T.M., et al.,

                                       Defendants.
───────────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Thomas Fields brings this civil rights action against Defendant Nurse T. McNaughton under 42 U.S.C. § 1983.[1] Fields alleges that, while he was confined at Wende Correctional Facility, McNaughton was deliberately indifferent to his medical needs—specifically, a fractured finger on his right hand. ECF No. 7. Both parties now cross-move for summary judgment. ECF Nos. 36, 43. For the reasons that follow, McNaughton's motion for summary judgment (ECF No. 36) is GRANTED, and Fields's cross-motion (ECF No. 43) is DENIED.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding

---

[1] This Court previously dismissed Fields's claim against Defendant Wende Correctional Facility Medical Department. *See* ECF No. 11.

whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted). In addition, *pro se* litigants "are afforded special solicitude on motions for summary judgment. Courts read the pleadings, briefs, and opposition papers . . . liberally and interpret them to raise the strongest arguments that they suggest." *Espinoza v. N.Y.C. Dep't of Transp.*, 304 F. Supp. 3d 374, 383 (S.D.N.Y. 2018) (internal citation and quotation marks omitted).

## BACKGROUND

Generally, when cross-motions for summary judgment are filed, the court "must consider each motion independently of the other and, when evaluating each, the court must consider the facts in the light most favorable to the non-moving party." *Physicians Comm. for Responsible Medicine v. Leavitt*, 331 F. Supp. 2d 204, 206 (S.D.N.Y. 2004). However, because the Court concludes that McNaughton is entitled to judgment as a matter of law even considering the facts in the light most favorable to Fields, it need not engage in a separate analysis. Accordingly, unless otherwise noted, the following background consists of the undisputed facts and the disputed facts taken in the light most favorable to Fields. *See Smolen v. Wilkinson*, No. 11-CV-6001, 2013 WL 5417099, at *1 (W.D.N.Y. Sept. 26, 2013).

At the time of the relevant events, Fields was an inmate at Wende Correctional Facility. On October 24, 2014, Fields and another inmate had a physical altercation in the mental health unit. A correctional officer broke up the fight and escorted Fields back to his cell. Once at his cell, Fields punched the metal bars of his cell in frustration. Fields testified that when he did so,

he felt a sharp pain "shoot up" his hand. ECF No. 36-3 at 64. His hand soon "swelled up." *Id.* at 65.

Fields was taken to the medical unit and seen by McNaughton. Fields told her that he had been in an altercation, that he had "struck [his] hand against the metal bars of [his] cell," and that he had "severe pain [in his] right hand." *Id.* at 66. Fields's hand was swollen, and he could not "tuck" his index finger "all the way into a fist." *Id.* at 67.

Fields believed that his index finger had been fractured, based on his experience with a previous fracture to his right hand. Fields requested an x-ray. McNaughton declined Fields's request, telling Fields that she "believed that [his] finger wasn't fractured" but "was only jammed." *Id.* at 68. Fields responded that his finger was fractured because he "couldn't close it all the way into a fist." *Id.* at 71. McNaughton "assured [Fields] that once the swelling [went] down that [he] would be able to bend it." *Id.* Although Fields adamantly requested an x-ray given the pain and his prior hand injury, McNaughton insisted that an x-ray was not warranted. Instead, McNaughton provided Fields with an ice pack and over-the-counter Motrin.[2] Importantly, Fields agrees that "McNaughton never said anything indicating that she believed [he] had a fracture." ECF No. 36-1 ¶ 27; ECF No. 49 ¶ 27.

On November 13, 2014, Fields began exercising by hitting a punching bag. When he struck the punching bag with his right hand, he felt pain shoot "right up [his] . . . arm." ECF No. 36-3 at

---

[2] In his summary judgment briefing, Fields contends that McNaughton put his health at risk by prescribing Motrin, which Fields was already taking and which he alleges could have had negative side effects "due to his high blood pressure and mental health medications." ECF No. 43 at 5. The Court declines to address this claim because it is not fairly encompassed by Fields's amended complaint. *See Avillan v. Donahoe*, 483 F. App'x 637, 639 (2d Cir. 2012) (summary order) (noting that a party may not use an opposition to a dispositive motion "as a means to amend the complaint"). Moreover, there is insufficient evidence in the record to support Fields's conclusory assertion that the additional Motrin put his "health at further risk and in jeopardy." ECF No. 43 at 5; *see also Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (stating that a deliberate-indifference claim requires that the deprivation be "sufficiently serious").

3

102. He went to the medical unit for assistance and met with Nurse Geary. An x-ray was ordered, which revealed that Fields had an "undisplaced fracture through . . . [his] right index finger." *Id.* at 289. Fields received a splint for his index finger, which he wore until sometime before he left the facility in mid-December 2014.

Fields recalls that, shortly after his x-ray in November 2014, he spoke with McNaughton. He said, "I told you my hand was fractured and I needed an x-ray," and McNaughton responded that she "didn't know" and that "[i]t didn't look like it was fractured." *Id.* at 106.

Fields alleges that McNaughton's failure to order an x-ray caused a delay in treatment and led to further injury. Fields continues to have chronic pain in his right index finger, he cannot easily engage in simple activities like writing or holding objects, and he believes he has arthritis because his joint "gets stiff and at times is painful." ECF No. 49 ¶ 67.

## DISCUSSION

McNaughton argues that summary judgment is proper because there is insufficient evidence to show that she had a sufficiently culpable state of mind. The Court agrees.

"In order to state an Eighth Amendment claim based on constitutionally inadequate medical treatment, the plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Wright v. Genovese*, 694 F. Supp. 2d 137, 153 (N.D.N.Y. 2010) (internal quotation marks omitted). This standard consists of two elements: "The first element is objective and measures the severity of the deprivation, while the second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind." *Id.*

Regarding the subjective requirement, "[i]n medical-treatment cases not arising from emergency situations, the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the official acted with deliberate

4

indifference to inmate health." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). "Deliberate indifference is a mental state equivalent to subjective recklessness, as the term is used in criminal law." *Id.* "Deliberate indifference exists when the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Wassmann v. Cty. of Ulster*, No. 11-cv-676, 2012 WL 4711985, at *2 (N.D.N.Y. Oct. 3, 2012) (internal quotation marks omitted). Whether a defendant has "the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Silvera v. Dep't of Corrs.*, No. 09-cv-1398, 2012 WL 877219, at *10 (D. Conn. Mar. 14, 2012).

It is well-established that a complaint that a medical provider "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness"—that is, "an act or a failure to act by a [defendant] that evinces a conscious disregard of a substantial risk of serious harm." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (internal brackets omitted).

Here, there is insufficient evidence for a reasonable jury to conclude that McNaughton harbored a sufficiently culpable state of mind when she treated Fields in October 2014. Although Fields vehemently disagrees with McNaughton's selected treatment, "mere disagreement over the proper treatment does not create a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Likewise, even if McNaughton's diagnosis was incorrect, that is not, standing alone, sufficient to establish the subjective element of Fields's claim. *See Virgil v. Darlak*, No.

5

10-CV-6479, 2013 WL 4015368, at *7 (W.D.N.Y. Aug. 6, 2013) (collecting cases). Instead, there must be evidence from which it can be reasonably inferred that McNaughton failed to act "while actually aware of a substantial risk that" serious harm to Fields would result. *Goord*, 467 F.3d at 280.

In this case, there is insufficient evidence on this element. Indeed, the conversations between McNaughton and Fields—when Fields was injured and after he received an x-ray—show that McNaughton honestly believed that Fields had only jammed his finger and had prescribed treatment based on that belief. Fields concedes that "McNaughton never said anything indicating that she believed [Fields] had a fracture." ECF No. 36-1 ¶ 27; ECF No. 49 ¶ 27. Such evidence undermines Fields's claim. *See Goord*, 467 F.3d at 281 ("The defendant's belief that his conduct poses no risk of serious harm . . . need not be sound so long as it is sincere."); *Gilmore v. Carey*, No. 15-CV-20, 2017 WL 2126803, at *5 (N.D.N.Y. May 16, 2017) ("A sufficiently culpable state of mind is absent when the defendant denies, delays, or interrupts the plaintiff's medical treatment out of sincere and honest belief that such action is medically justifiable.").

Fields's arguments to the contrary are unpersuasive. First, Fields appears to argue that his need for an x-ray was obvious in light of, among other things, his prior hand injury, his medical records, and the symptoms that he reported to McNaughton. A factfinder may conclude "that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Silvera*, 2012 WL 877219, at *10. The circumstances here do not rise to that level, however. *See Melvin v. Cty. of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *7 (S.D.N.Y. May. 29, 2016) (collecting and contrasting cases). Even assuming that a review of Fields's symptoms and medical history could have led a reasonable medical professional to conclude that Fields fractured his finger and needed an x-ray, the evidence does not support the much stronger claim that such course

6

of action was clearly necessary and apparent. Conversely, the evidence on which Fields relies does not demonstrate than McNaughton's contrary diagnosis was grounded in anything but her sincere medical judgment. Based on the record, this is simply not a case where the medical professional's judgment has "no sound medical basis, contravene[s] professional norms, [or] appear[s] designed simply to justify an easier course of treatment." *Stevens v. Goord*, 535 F. Supp. 2d 373, 388 (S.D.N.Y. 2008).

Second, Fields notes that McNaughton previously scheduled an x-ray after he complained of shoulder pain in September 2014. To Fields, this supports his claim because his "shoulder injury . . . was minor to that of . . . [his] right hand, and far more serious." ECF No. 43 at 5. The Court disagrees. In the first place, this evidence would seem to suggest that McNaughton was not averse to ordering an x-ray for Fields as a general matter, only that such decision was grounded in her evaluation of the particular injury. Regardless, this evidence would not permit a reasonable jury to conclude that McNaughton acted with deliberate indifference when she declined to order an x-ray for Fields's hand injury.

Third, in his deposition, Fields asserted that an unidentified officer had rushed McNaughton to evaluate Fields quickly so that Fields could be escorted back to his cell. ECF No. 36-3 at 75-76. Fields testified that he believes this is why McNaughton was "disregarding what . . . [he] was telling her." *Id.* at 75. Fields appears to have abandoned this theory, as he does not raise it in his summary judgment briefing. *Cf. Mattison v. Potter*, 515 F. Supp. 2d 356, 370 (W.D.N.Y. 2007) (collecting cases). In any case, such conduct would at most amount to negligence. *Cf. Rodriguez v. Corizon Health Care*, No. 15 Civ. 5251, 2016 WL 3189960, at *5 ("[A]llegations that on some occasions medical personnel ignored some complaints, when a

plaintiff has otherwise received treatment for his condition, do not state a deliberate indifference claim.").

Accordingly, because there is insufficient evidence to satisfy the subjective requirement of a deliberate-indifference claim, McNaughton is entitled to summary judgment.

## CONCLUSION

For the reasons discussed above, McNaughton's motion for summary judgment (ECF No. 36) is GRANTED, and Fields's cross-motion for summary judgment (ECF No. 43) is DENIED. The complaint is therefore DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 11, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court